```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------  X
CHURCH & DWIGHT COMPANY, INC. et      :
ano.,                                  :
                                       :
                 Plaintiffs,           :    **MEMORANDUM**
                                       :    **DECISION AND ORDER**
         -against-                     :
                                       :    07 cv 612 (BMC)
KALOTI ENTERPRISES OF MICHIGAN LLC,    :
et al.,                                :
                                       :
                 Defendants.           :
                                       :
----------------------------------------------------------  X
```

**COGAN**, District Judge.

By Order entered on the record (see [147]) on June 4, 2008, the Court directed plaintiffs to submit a letter by June 11, 2008 stating, among other things, any reasons why the Rule 30(b)(6) deposition of the company ZX Trading Defendants[1] should not be adjourned from June 25, 2008 to a date closer to the end of the deposition schedule in this case, which extends through December 5, 2008, in light of the arrest of certain of the individual ZX Trading Defendants. The ZX Trading Defendants were given until today to respond to that letter.

Plaintiffs timely submitted their letter. The ZX Trading Defendants' counsel responded with a letter requesting a status conference, advising the Court that there had been a

> revelation of facts which I believe create a serious conflict of interest between Defendants ZX Trading Corp., ZX Industries, Inc., ZX Marketing, Inc., Jian Zhong Hu with individual Co-Defendants Jian Lin Hu, Lin F. Hu and Xiao Mei Huang. Due to the Attorney/Client privilege, I cannot reveal the factual source of the conflict at this time. However, an actual and direct conflict of interest does exist between the aforementioned parties and I am requesting that this issue be addressed immediately at a Status Conference.

---

[1] ZX Trading Defendants refers to the business entities and individuals represented by Todd C. Greenberg, Esq.

Counsel also noted that he was "working diligently with my clients to resolve the conflict." In response to this letter, the Court entered an Order declining to hold a status conference, suggesting to counsel that if his clients had a "direct conflict of interest," he should take appropriate action. Counsel responded to this Order, explaining that what he had meant by his letter was that this "direct conflict of interest" was an additional reason, along with his clients' preoccupation with their criminal proceedings, to adjourn the scheduled Rule 30(b)(6) deposition. Plaintiffs responded to that letter, adhering to their position that no adjournment should be granted.

To determine whether to exercise their discretion to stay civil proceedings pending disposition of a criminal case, courts consider a number of factors, including: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously; (4) the private interests of, and the burden on, the defendants; (5) the interests of the courts and the public. See Crawford & Sons, Ltd. v. Besser, 298 F.Supp.2d 317, 319 (E.D.N.Y. 2004). Since the stay of a civil case is an extraordinary remedy, see Jackson v. Johnson, 985 F.Supp. 422, 424 (S.D.N.Y. 1997), the burden of showing cause for a stay should be placed on the party seeking it.

The ZX Defendants have failed to demonstrate sufficient cause for the relief they are seeking. Although their request for consideration of the criminal proceedings is less severe than in the usual case – as they are not seeking a stay of the civil litigation in its entirety but merely a postponement of the company's Rule 30(b)(6) deposition – the public interest concerns here are compelling. The evidence placed before this Court in connection with the various motions for preliminary injunctive relief showed an international conspiracy engaged in the actual

distribution of hundreds of thousands of fake condoms.  This is not just a counterfeiting case; the evidence demonstrates that the infringing condoms are in many cases defective and pose a potential danger to public health.  Their continued presence in a chain of distribution counsels towards disclosure of all information relating to this issue sooner rather than later.  See City of New York v. A-1 Jewelry & Pawn, Inc., No. 06-cv-2233, 2008 WL 630483 (E.D.N.Y. March 4, 2008).

The individual ZX Trading Defendants, who are not seeking an adjournment of their scheduled depositions, have made it clear that they will invoke their Fifth Amendment when they appear.  Thus, without the Rule 30(b)(6) deposition of the corporation, there is no sure way to identify all of the distribution, if any, flowing to and from the ZX Trading defendants. Indeed, the whole purpose of proceeding with a Rule 30(b)(6) deposition of the company ZX Trading defendants, a procedure that was arrived at only after considerable discussions between counsel and the Court, was to designate a non-involved party to speak for the corporation so that information could be given without jeopardizing the individual ZX Trading defendants' right against self-incrimination.  Once the individual defendants' were arrested, the Court ordered a further adjournment, albeit brief, so that they could devote some attention to their criminal situation.  Thus, all reasonable accommodations have been made.

The ZX Trading Defendants suggest that the Rule 30(b)(6) deposition may not disclose as much, or indeed any, information relating to the condom distribution conspiracy.  That may be, but I am not prepared to gamble with serious public health issues when there is at least some chance that useful information may be learned.  In contrast, the individual ZX Trading Defendants have given no indication of a possible resolution of their criminal proceeding. I have little doubt that if I granted the relief sought and adjourned this deposition to December, another

request for delay would be made if the criminal proceedings remained open, as may well be the case, at that time.

The deposition shall proceed as scheduled.

**SO ORDERED.**

                                              Signed electronically/Brian M. Cogan
                                                      U.S.D.J.

Dated: Brooklyn, New York
        June 18, 2008