**Patterson Belknap Webb & Tyler LLP**

1133 Avenue of the Americas   New York, NY 10036-6710   212.336.2000   fax 212.336.2222   www.pbwt.com

August 1, 2011

Geoffrey Potter
Partner
(212) 336-2050

By ECF

The Honorable Brian M. Cogan
United States District Judge
225 Cadman Plaza East
Brooklyn, N.Y. 11201

      Re:    Church & Dwight Co., Inc. v. Kaloti Enterprises of Michigan, L.L.C., et al., 07 Civ. 612 (BMC)

Dear Judge Cogan:

      Plaintiff Church & Dwight Co. Inc. ("Church & Dwight") and defendants David Tang a/k/a Xiong Ping Tang and T&L Trading Company (together, "T&L Defendants") have agreed that the funds restrained by Church & Dwight will be used to satisfy the judgment against the T&L Defendants and the restrained accounts will be released. This agreement (attached as Exhibit A) is without prejudice to the T&L Defendants' right to pursue their motion to vacate and Church & Dwight's right to seek its attorney's fees and costs (including fees and costs already incurred) in opposition to the motion on the ground that it is frivolous. The agreement does, however, render moot the T&L Defendants' request for a preliminary injunction barring enforcement of the judgment prior to the resolution of the motion to vacate. As a result, the T&L Defendants have authorized me to inform the Court that they are withdrawing their application for a preliminary injunction. The parties therefore jointly request that the preliminary injunction hearing scheduled for tomorrow, August 2, 2011, be cancelled.

                    Respectfully submitted,

                    /s/ Geoffrey Potter

4866933v.1

# EXHIBIT A

AGREEMENT TO TRANSFER FUNDS IN SATISFACTION OF JUDGMENT PENDING DEFENDANTS' MOTION TO VACATE DEFAULT JUDGMENT

This Agreement entered into as of this 25th day of July, 2011 (the "Effective Date"), by and among Church & Dwight Co., Inc. ("Plaintiff"), a corporation having a place of business at 469 North Harrison Street Princeton, New Jersey 08543-5297, T&L Trading Co., Inc. ("T&L"), a company based in New York with an address at 17 Meserole Street, Brooklyn, New York 11206, and David Tang a/k/ Xiong Tang "Tang"), an individual associated with T&L (T&L and Tang together, the "T&L Defendants").

WHEREAS, Plaintiff filed an amended complaint against, *inter alia*, the T&L Defendants, in an action in the United States District Court for the Eastern District of New York (the "Court"), *Church & Dwight Co., Inc. v. Kaloti Enterprises of Michigan, L.L.C.*, et al, Docket No. 07-cv-612 (the "Action") asserting, *inter alia*, federal trademark claims and federal, state and common law unfair competition claims;

WHEREAS, the Court awarded a default judgment ("Default Judgment") in the amount of $400,000 against the T&L Defendants in the Action, which default judgment was ordered on December 29, 2009 and issued as a final judgment on January 21, 2011;

WHEREAS, in an effort to enforce the Default Judgment Plaintiff has restrained certain bank accounts associated with one or more of the T&L Defendants (the "Restrained Accounts");

WHEREAS, on July 20, 2011, the T&L Defendants filed a motion to vacate and set aside the Default Judgment ("Motion to Vacate") by order to show cause, which is scheduled for a hearing on August 2, 2011;

1

WHEREAS, Plaintiff and the T&L Defendants wish to enter into an agreement whereby the funds in the Restrained Accounts are used to satisfy the Default Judgment, without prejudice to the T&L Defendants' Motion to Vacate;

NOW THEREFORE, in consideration of the mutual covenants and obligation of this Agreement, and for other good and valuable consideration, the parties hereto agree with each other as follows:

1. <u>Payment of Judgment</u>. Plaintiff and the T&L Defendants will instruct the banks holding the Restrained Accounts ("Banks") to transfer a total of $400,000 (the "Payments") to Plaintiff, in the manner specified by the letters included in Exhibit A to this Agreement ("Bank Letters") and incorporated herein. Plaintiff and the T&L Defendants both agree to execute the Bank Letters on July 25, 2011 and to allow them to be transmitted to the Banks. T&L Defendants further agree to provide any additional permissions and satisfy any additional permissions necessary to procure release of the Payments to Plaintiff.

2. <u>Release of Restrained Accounts</u>. Upon receiving all of the Payments from the Restrained Accounts in the manner specified in the Bank Letters, Plaintiff will instruct the Banks to release the Restrained Accounts.

3. <u>Motion to Vacate</u>. The T&L Defendants reserve their rights to pursue the Motion to Vacate. Plaintiff opposes the Motion to Vacate and reserves its rights to seek costs, fees, and/or other sanctions from the T&L Defendants and/or their attorneys in opposing the Motion to Vacate.

4. <u>Satisfaction of Judgment</u>. Within 5 business days after receiving all of the Payments, Plaintiff will execute and file with the Court a satisfaction of judgment indicating that the Payments have satisfied the Default Judgment.

4858980v.2

5. <u>Binding Effect</u>. Plaintiff and the T&L Defendants acknowledge and agree that this Agreement shall be binding upon, inure to the benefit of and be enforceable against the parties and their respective successors, assigns, affiliates, parents, subsidiaries, agents, servants, officers and directors, employees, heirs and representatives.

6. <u>Miscellaneous</u>.

(a) <u>Entire Agreement; Modifications</u>. This Agreement constitutes the entire understanding of the parties with respect to the matters set forth herein and supersedes all prior and contemporaneous written and/or oral understandings between the parties with respect thereto. No amendment, modification or waiver of any of the provisions of this Agreement shall be valid unless set forth in a written instrument signed by all parties.

(b) <u>No Waiver</u>. No waiver by any party to this Agreement of any provision hereof, and no failure by any party to exercise any of such party's rights or remedies hereunder, shall be deemed to constitute a waiver of such provision, right, or remedy in the future, or of any other provision, right or remedy hereunder, unless such waiver shall be set forth in a written instrument signed by the party against whom such waiver is sought to be enforced.

(c) <u>Mutual Warranty</u>. Each party represents and warrants that this Agreement is a legal, valid, and binding agreement, enforceable against such party in accordance with its terms, and that the individual signing the Agreement has the requisite authority to sign on behalf of such party.

(d) <u>Counterparts</u>. This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument.

3

4858980v.2

(e) <u>Construction of Agreement</u>. This Agreement shall be construed without regard to the party or parties responsible for the preparation of the same and shall be deemed as prepared jointly by the parties hereto. Any ambiguity or uncertainty existing herein shall not be interpreted or construed against any party hereto.

(f) <u>Governing Law</u>. This Agreement is governed by and shall be construed in accordance with the laws of the State of New York, with the exception of its choice of law rules.

(g) <u>Jurisdiction</u>. The parties have agreed that, pursuant to the Consent Judgment, United States District Court for the Eastern District of New York shall retain jurisdiction to resolve any disputes arising out of this agreement.

7. <u>Entire Agreement</u>. This Agreement, consisting of Paragraphs 1 through 7 inclusive, together with the Consent Judgment, attached hereto, constitutes the entire Agreement of the parties and supersedes all prior or contemporaneous agreements, discussions or representations, oral or written, with respect to the subject matter hereof, and can be modified only by a writing executed by each of the parties hereto.

PATTERSON BELKNAP WEBB & TYLER LLP

By: _____
Geoffrey Potter
gpotter@pbwt.com
Aron Fischer
afischer@pbwt.com

Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000
Attorneys for Church & Dwight Co., Inc.

KEVIN KERVENG TUNG, P.C.

By: _____
Kevin K. Tung, Esq.
ktung@kktlawfirm.com

Kevin Kerveng Tung, P.C.
136-20 38th Avenue, Suite 3D
Flushing, NY 11354
(718) 939-4633
Attorneys for the T&L Defendants

4

4858980v.2

For the T&L Defendants:

_____
David Tang a/k/ Xiong Tang

4858980v.2