UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                  :

CHURCH & DWIGHT CO., INC.,        :

                           :    **MEMORANDUM**
             Plaintiff,    :    **DECISION AND ORDER**

                           :

      - against -        :    07 Civ. 0612  (BMC)

                           :

KALOTI ENTERPRISES OF MICHIGAN,  :
L.L.C., *et al.,*                :

                           :

            Defendants.   :

                           :

------------------------------------------------------------ X

**COGAN**, District Judge.

      Defendant Omar Burghol moves to vacate this Court's Order, dated December 23, 2009,

granting summary judgment against him. Burghol brings his motion under Rules 60(b)(1) and

60(b)(6) of the Federal Rules of Civil Procedure. Because I find Burghol's motion to be

untimely, and because he has failed to demonstrate an adequate excuse for having ignored these

proceedings, it is denied.

      Familiarity with the background of this case is assumed. On August 27, 2007, Burghol

filed an answer to the seventh amended complaint in which he admitted to selling condoms to

defendant Kaloti Enterprises for $59,200.00 but denied knowledge that the condoms were

counterfeit. In his answer, Burghol also alleged a cross-claim against Kaloti Enterprises, seeking

to recover the $59,200.00 he was owed for the condoms. My Order dated December 23, 2009,

specifically distinguished between those defendants who were in default and those defendants

who were not in default but had nevertheless failed to oppose plaintiff's summary judgment

motion. Burghol was in the latter group, and I granted summary judgment against him based on

the record before me – including, *inter alia*, extensive deposition testimony.

Motions to vacate a grant of summary judgment pursuant to Rule 60(b)(1) must be brought within one year of the judgment. See F.R.C.P. 60(c)(1). The Second Circuit has described this limitations period as "absolute." Warren v. Garvin, 219 F.3d 111, 114 (2d Cir. 2000) (internal quotation marks omitted). Because Burghol brings his Rule 60(b)(1) motion nearly two years after I granted summary judgment against him, his motion is untimely.

His attempt to avoid this by invoking Rule 60(b)(6) is improper. The motion alleges "mistake, inadvertence, surprise or excusable neglect" based on Burghol's failure to oppose summary judgment, and therefore falls squarely under Rule 60(b)(1). Motions that can fairly be considered under this sub-section "will not justify relief under Rule 60(b)(6)." United States v. Int'l Bd. of Teamsters, 247 F.3d 370, 391-92 (2d Cir. 2001); accord Warren, 219 F.3d at 114 ("Rule 60(b)(6) may not be used to circumvent the 1-year limitations period that governs Rule (6)(b)(1).").

Even if Burghol's motion had been timely, I would deny it on other grounds. A motion under any subsection of Rule 60(b) seeks "extraordinary judicial relief" and should be granted "only if the moving party demonstrates exceptional circumstances." Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks omitted). In the instant case, Burghol was represented by counsel for well over a year. He did not choose to proceed *pro se* until one week after plaintiff informed the Court – via letter filed publicly on ECF – that it would seek summary judgment against Burghol and other defendants. Even in light of the fact that Burghol was *pro se* by the time his opposition papers became due, his failure to oppose the motion for summary judgment does not constitute "excusable neglect" under Rule 12(b)(1). See Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248, 250 (2d Cir. 1997) ("[F]ailure to follow clear dictates of a court rule will generally not constitute . . . excusable neglect.").

The fact that Burghol chose to proceed *pro se* (with notice of the impending summary judgment motion) cannot now be used to upend this Court's two-year-old decision based on Burghol's bare contention that he "simply did not understand what the Motion was." He knew enough about the possible consequences of this lawsuit to realize that he needed an attorney in the first place; his choice to proceed without an attorney at a crucial point in the case, and ignore all subsequent proceedings, was deliberate.

This would be no less true if, as Burghol erroneously asserts, the judgment against him had been a default judgment. When determining whether to vacate a default judgment under Rule 60(b), the Second Circuit asks whether the default was "willful." See New York v. Green, 420 F.3d 99, 108 (2d Cir. 2005). Here, Burghol did not simply fail to oppose plaintiff's motion for summary judgment; he also failed to appeal the order of summary judgment and failed to do anything else with respect to this case for nearly two years. His absolute disregard for this lawsuit leads me to conclude that his failure to oppose the motion for summary judgment was willful. Burghol's motion to vacate is therefore denied.

**SO ORDERED.**

S./Brian M. Cogan
U.S.D.J.

Dated: Brooklyn, New York
      September 2, 2011

3