UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
CHURCH & DWIGHT CO., INC.,

                          Plaintiff,

       - against -

KALOTI ENTERPRISES OF MICHIGAN, L.L.C., *et al.*,

                        Defendants.
---------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

07 Civ. 0612 (BMC)

**COGAN**, District Judge.

This case is before me on plaintiff Church & Dwight's motion to dismiss counterclaims for conversion and unjust enrichment brought by defendants Miao Chen and Y&P Imports. For the reasons stated below, the motion is granted as to the unjust enrichment claim and denied as to the conversion claim.

## BACKGROUND

In 2007, Church & Dwight brought claims for trademark infringement against more than fifty defendants, including Chen; Y&P Imports; and Y&P Wholesale, Inc. Although Chen owned Y&P Imports, which shared a warehouse space with Y&P Wholesale, Chen claims that Y&P Imports and Y&P Wholesale were entirely separate companies. Church & Dwight never sought relief against Y&P Imports, as the company dissolved within months of being sued. Although default judgment was entered against Chen and Y&P Wholesale, this Court granted Chen's subsequent motion to vacate the judgment based on the gross negligence of her former attorney, Perry Ian Tischler. Chen is now actively defending herself against Church & Dwight's

trademark infringement claims and seeks to recover certain funds she turned over to Church & Dwight during the course of this litigation.

On March 19, 2007, this Court issued a Temporary Restraining Order freezing all bank accounts "used by" Y&P Wholesale. Pursuant to this Order, three bank accounts in the name of Y&P Imports were frozen. At this time, Y&P Wholesale had been named as a defendant but Chen and Y&P Imports had yet to be sued. Chen claims she was unaware that the Temporary Restraining Order was limited to funds used by Y&P Wholesale and believed that the Y&P Imports accounts were frozen in connection with Church & Dwight's investigation of her. Chen and Y&P Imports were added as defendants a few weeks after the accounts were frozen.

On May 2, 2007, Tischler entered into an escrow agreement with Church & Dwight (the "Escrow Stipulation") pursuant to which Chen transferred the money held in the frozen Y&P Imports accounts to Tischler's IOLA account pending further stipulation by the parties or an Order from this Court. The Escrow Stipulation listed the accounts in the name of Y&P Imports and again represented that the accounts were "used by" Y&P Wholesale. Chen claims that Tischler never showed her the Escrow Stipulation and allowed her to believe that the funds were being turned over on behalf of herself and Y&P Imports.

The funds remained in Tischler's IOLA account for four years. On April 1, 2011, pursuant to the default judgment against Chen and Y&P Wholesale, this Court Ordered Tischler to transfer the funds to Church & Dwight (the "Turnover Order"). On November 2, 2011, approximately one month after the default judgment against Chen was vacated, she demanded that Church & Dwight return the funds. According to Chen, she did not seek return of the funds earlier because she believed the funds were turned over on her own behalf and she knew that Church & Dwight had obtained a judgment against her. When Church & Dwight refused to

return the funds, Chen and Y&P Imports brought counterclaims against Church & Dwight for conversion and unjust enrichment. Chen & Y&P Imports claim that Church & Dwight was never entitled to the funds in the first place because the funds were not "used by" Y&P Wholesale.

## DISCUSSION

Church & Dwight moves to dismiss the counterclaims based on several affirmative defenses. An affirmative defense can justify dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure if the defense appears on the face of the complaint.[1] Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74 (2d Cir. 1998). On a Rule 12(b)(6) motion to dismiss, this Court accepts the material facts alleged in the complaint as true and draws "all reasonable inferences in plaintiff's favor." Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 89-90 (2d Cir. 2004).

### I. Unjust Enrichment

Under New York law, a court may "infer the existence of an implied contract" when necessary to prevent a party from unjustly enriching himself at another party's expense. Lightfoot v. Union Carbide Corp., 110 F.3d 898, 905 (2d Cir. 1997). This is a quasi-contractual remedy which allows a court to "assure a just and equitable result" when a defendant has received money which "in equity and good conscious he ought not to retain." Bradkin v. Leverton, 26 N.Y.2d 192, 196-97, 309 N.Y.S.2d 192 (1970). This remedy is not automatically available any time the defendant has profited at the expense of the plaintiff; for "equity and good conscience" to warrant this quasi-contractual remedy, the plaintiff must have provided the benefit at the behest of the defendant. Barbagallo v. Marcum LLP, No. 11-CV-1358, 2011 WL

---

[1] The Turnover Order and the Escrow Stipulation were appended to the counterclaim; they may therefore be considered on this Rule 12(b)(6) motion to dismiss. See Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991).

5068086, at *13 (E.D.N.Y. Oct. 25 2011) (citing Ehrlich v. Froehlich, 72 A.D.3d 1010, 903 N.Y.S.2d 400, 402 (2d Dep't 2010)). When a benefit is conveyed at the behest of a third party, rather than the defendant, the plaintiff must look to the third party for relief. See Fountoukis v. Geringer, 33 A.D.3d 756, 757, 822 N.Y.S.2d 644 (2d Dep't 2006).

The counterclaim asserts that Chen turned over the disputed funds only because Tischler misrepresented the terms of the Escrow Stipulation. In other words, the crux of this counterclaim is that the funds were transferred to Church & Dwight at the behest of Tischler. Under these circumstances, New York law is clear that any equitable remedies lie against Tischler rather than Church & Dwight. See id. The unjust enrichment claim therefore fails as a matter of law, as an affirmative defense is evident on the face of the counterclaim.

Chen and Y&P Imports argue that Fountoukis is distinguishable because the third party in that case benefitted as a result of his conduct. But Fountoukis did not turn on this fact. The salient point in cases like Fountoukis is that unjust enrichment is an equitable remedy that courts will not apply when fairness dictates that a different individual be held accountable for the plaintiff's loss. It does not matter whether Tischler's conduct was a self-interested ploy or just "yet another example of [his] repeated failure to represent independently Chen and Y&P Imports," as Chen and Y&P Imports contend. Either way, "equity and good conscience" do not dictate that Church & Dwight be held responsible for Tischler's misconduct or Chen's failure to recognize it. "[A] claim for unjust enrichment does not lie to relieve a party of the consequences of the party's own failure to exercise caution with respect to a business transaction." Fernbach, LLC v. Capital & Guar. Inc., No. 08-CV-1265, 2009 WL 2474691, at * 4 (S.D.N.Y. Aug. 12, 2009) (internal quotation marks omitted).

4

## II. Conversion

To maintain the conversion claim, Chen and Y&P Imports must allege that: "(1) the property subject to conversion is a specific identifiable thing; (2) plaintiff had ownership, possession or control over the property before its conversion; and (3) defendant exercised an unauthorized dominion over the thing in question, to the alteration of its condition or to the exclusion of the plaintiff's rights." Moses v. Martin, 360 F. Supp. 2d 533, 541 (S.D.N.Y. 2004). Church & Dwight does not dispute that Chen and Y&P Imports have adequately pled the first two factors; the only issue raised on this motion to dismiss is whether Church & Dwight is authorized to possess the disputed funds.

Church & Dwight argues that the Escrow Stipulation and the Turnover Order authorize it to possess the funds. But these documents demonstrate that this authorization was premised on Tischler's representation that the funds were "used by" Y&P Wholesale. According to the counterclaim, the funds were not used by Y&P Wholesale and Chen did not authorize Church & Dwight to possess the funds on behalf of Y&P Wholesale. Chen and Y&P Imports have therefore adequately pled that Church & Dwight's possession of the funds is an "unauthorized dominion." Id.

Church & Dwight next argues that, in order to plead "unauthorized dominion," Chen and Y&P Imports must plead facts showing that there is cause to set aside the Escrow Stipulation, such as "fraud, collusion, mistake or accident." William E. McClain Realty v. Rivers, 144 A.D.2d 216, 217, 534 N.Y.S.2d 530 (3d Dep't 1988). This argument was raised for the first time in Church & Dwight's reply brief, and therefore will not be considered by this Court. See, e.g., PrecisionIR Inc. v. Clepper, 693 F. Supp. 2d 286, 291 n. 2 (S.D.N.Y. 2010). The Escrow Stipulation is appended to the counterclaim, which alleges that Tischler demanded the disputed

5

funds from Chen even though the Escrow Stipulation called only for funds used by Y&P Wholesale. Church & Dwight therefore had the opportunity to raise this argument in its moving papers.

Church & Dwight's invocation of the voluntary payments doctrine is also unavailing, as this affirmative defense is only available when a payment was made "with full knowledge of the facts." Dillon v. U-A Columbia Cablevision of Westchester, 100 N.Y.2d 525, 526, 760 N.Y.S.2d 726 (2003). When, as here, a party claims that she made the payment under a significant mistake of fact, dismissal under Rule 12(b)(6) on this ground is inappropriate. See Pike v. New York Life Ins. Co., 72 A.D.3d 1043, 1050-51, 901 N.Y.S.2d 76 (2010).

## CONCLUSION

Church & Dwight's motion is granted in part and denied in part. Chen's unjust enrichment claim is dismissed.

**SO ORDERED.**

s/ BMC

_____
U.S.D.J.

Dated: Brooklyn, New York
       January 30, 2012